**HOWARD MANUFACTURING COMPANY, Inc., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 20068.**

United States Court of Appeals, Eighth Circuit.

Jan. 4, 1971.

Rehearing Denied Feb. 5, 1971.

James W. Moore, Smith, Williams, Friday & Bowen, Little Rock, Ark., for petitioner.

Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Joseph C. Thackery, Atty., N. L. R. B., for respondent.

Before MATTHES, Chief Judge, and GIBSON and LAY, Circuit Judges.

PER CURIAM.

The National Labor Relations Board seeks enforcement of its bargaining order entered upon findings of unfair labor practices in violation of §§ 8(a) (1) and 8(a) (5) and (1) of the National Labor Relations Act. We grant enforcement.

We find substantial evidence in the record as a whole to support the Board's determination that by June 12, 1967, the date of the demand for recognition as bargaining representative, the union[1] possessed a sufficient number of employee authorization cards to give it majority status. At this time the company alleged a good faith doubt as to the union's majority and requested an election, which was held on August 25, 1967. The union lost by a vote of 75 to 57. The union thereafter filed objections to the election, but a hearing was not held because on January 3, 1968, the union filed the present 8(a) (1) and 8(a) (5) charges. The Board found that from July 3, 1967, to the date of the election the company engaged in pervasive unfair practices in violation of 8(a) (1) of the Act which effectively undermined the employees' sentiment for the union and impeded a fair election process. Upon a review of the record as a whole, we find substantial evidence to support these findings and to justify the issuance of an 8(a) (5) bargaining order. See N. L. R. B. v. Gissel Packing Co., 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1969); N. L. R. B. v. Noll Motors, Inc., 433 F.2d 853 (8 Cir. 1970).

On this appeal the company asserts that any 8(a) (5) violation must relate to the date of June 12, 1967, when the union made its demand known to the company to act as bargaining representative. The company claims that Section 10(b) of the Act[2] serves as a bar to the 8(a) (5) charge and the bargaining order since the union filed its unfair practice charges on January 3, 1968, more than six months after the company's refusal to bargain. The 8(a) (5) charge is premised, however, not on the June 12, 1967, company refusal to accede to the union's demand for recognition. At that time the company was entitled to an election regardless of its subjective motivation in requesting one. See N. L. R. B. v. Gissel Packing Co., supra. As the Gissel decision points up, the bargaining order arises because of the company's subsequent misconduct in unfairly undermining the union's majority status. These unfair practices and the defeat of the union at the election all occurred within six months of the time of the filing of the charge with the Board. The company likewise urges that there exists no evidence of a "continuing demand" for recognition after June 12, 1967. This court's decision in N. L. R. B. v. Arkansas Grain Corp., 390 F.2d 824 (8 Cir. 1968), is clearly distinguishable. There, in a pre-Gissel ruling, we rejected a finding of an 8(a) (5) violation based upon the company's alleged lack of good faith in refusing to bargain. We did so because there was no competent proof that the union possessed a majority status at the time of its original demand for recognition. More important here, however, is the fact that a "continuing demand" is no longer relevant where the charge rests upon unfair practices occurring within six months of the charge; and the Board has further found the company's conduct to have so undermined union sentiment as to make the possibility of a fair rerun election slight. N. L. R. B. v. Gissel Packing Co., supra. Cf. International Union United Auto, Aerospace & Agr. Implement Workers of America, AFL–CIO v. N. L. R. B., 124 U.S.App. D.C. 215, 363 F.2d 702 (1966), cert. denied 385 U.S. 973, 87 S.Ct. 510, 17 L. Ed.2d 436 (1966).

Finding no bar under § 10(b) of the Act and determining that substantial evidence on the record as a whole supports the Board's findings, we grant enforcement of the Board's order.

1. The union involved is the Southwest Regional Joint Board, Amalgamated Clothing Workers of America, AFL–CIO.

2. Section 10(b) reads in part:
"*Provided*, That no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board and the service of a copy thereof upon the person against whom such charge is made, * * *." 29 U.S.C.A. § 160(b).